# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

ERNESTINE TORRES,

        Plaintiff,

  v.

FORD MOTOR COMPANY, FORD OF ORANGE, and DOES 1 through 10,

        Defendants.

Case No.: SACV 18-00232-CJC(DFMx)

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

## I. INTRODUCTION AND BACKGROUND

On January 8, 2018, Plaintiff Ernestine Torres filed this action in Orange County Superior Court against Defendants Ford Motor Company ("Ford") and Ford of Orange, Ford's authorized dealership. (Dkt. 1 Ex. B [Complaint, hereinafter "Compl."].) Plaintiff

is a resident of California who leased a purportedly defective 2013 Ford Escape from Defendant Ford of Orange in March 2013. (Compl. ¶¶ 2, 7.) Plaintiff alleges that Defendants violated the Song-Beverly Consumer Warranty Act ("California Lemon Law"), Cal. Civ. Code §§ 1790 *et seq.*, by selling a defective vehicle, failing to repair the vehicle within a reasonable number of attempts, refusing to repurchase the vehicle despite knowledge of its defects, breaching the express warranty, breaching the implied warranty of merchantability, and engaging in fraud. (*Id.* ¶¶ 14–32.) Plaintiff brings all six causes of action against Defendant Ford. Only the cause of action for breach of the implied warranty of merchantability is also asserted against Defendant Ford of Orange.

Ford removed the case to this Court on February 8, 2018, invoking diversity jurisdiction. (Dkt. 1 [Notice of Removal].) According to the Notice of Removal, Ford is incorporated in Delaware with its principal place of business in Michigan. (*Id.* at 5.) Ford concedes that Ford of Orange is a citizen of California, but contends that its citizenship should be ignored for purposes of diversity jurisdiction because Ford of Orange was fraudulently joined. (*Id.* at 5–7.) On July 31, 2018, Plaintiff filed a motion to remand the action to Orange County Superior Court, arguing that Ford of Orange has not been fraudulently joined and that diversity jurisdiction does not exist. (Dkt. 26-1 [hereinafter "Mot."].) For the following reasons, Plaintiff's motion is **GRANTED**.[1]

## II. DISCUSSION

A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. 28 U.S.C. § 1441(b). The defendant removing the action to federal court bears the burden of

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for September 10, 2018, at 1:30 p.m. is hereby vacated and off calendar.

establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A federal court may assert diversity jurisdiction over cases that are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332.

Although diversity jurisdiction requires complete diversity of citizenship, there is an exception to the diversity requirement "where a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "Joinder is fraudulent 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). Conversely, "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id.* at 1044.

Defendants have not carried their burden of showing that Plaintiff obviously fails to state a cause of action against Ford of Orange. Plaintiff brings a cause of action against Ford of Orange for breach of the implied warranty of merchantability in violation of California Lemon Law, Cal. Civ. Code §§ 1791.1(a), 1794(c). The implied warranty of merchantability requires that the vehicle (1) will pass without objection in the trade under the contract description, (2) is fit for the ordinary purposes for which such goods are used, (3) is adequately contained, packaged, and labeled, and (4) will conform to the promises or affirmations of fact made on the container or label. Cal. Civ. Code § 1791.1(a). In support of this cause of action, Plaintiff alleges that her 2013 Ford Escape had defects in its cooling system, engine, seatbelt, door handles, and control module,

among other components. (Compl. ¶ 9.) Due to these defects, Plaintiff purportedly returned the vehicle to the dealership on "numerous occasions," yet Ford of Orange still failed to adequately repair it. (*Id*. ¶ 10.) Because of the ecxtensive, continued defects, Plaintiff alleges that her vehicle was not fit for its ordinary purpose and failed to conform to specifications. (*Id*. ¶ 31.)

Defendant has failed to show that there is no possibility that California Lemon Law might impose liability on Ford of Orange given Plaintiff's allegations. Where, as here, the breach of warranty claims against the manufacturer and dealership arise from the same vehicle and alleged defects, California district courts have held that the dealership is "necessary for just adjudication" of the claims and thus was properly joined. *Blowers v. Ford Motor Co*., 2018 WL 654415, at *4 (C.D. Cal. Jan. 31, 2018); *Sabag v. FCA US, LLC*, 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016). Here, Ford of Orange leased Plaintiff the vehicle and serviced it. (Compl. ¶¶ 2, 7, 10.) All of Plaintiff's claims involve the same vehicle, defects, and repair attempts, and resolution of those claims will likely require many of the same documents and witnesses. *See Sabaq*, 2016 WL 6581154, at *6. There is no evidence that Plaintiff does not intend to prosecute the action against Ford of Orange or that its inclusion in the action was otherwise fraudulent.

Defendants nevertheless argue that Plaintiff cannot prevail on the implied warranty cause of action because the implied warranty "shall be coextensive in duration with [the] express warranty" provided by Ford. (Dkt. 30 [Defendants' Opposition, hereinafter "Opp."] at 11.) Thus, Defendants assert, this cause of action "provides no remedies in addition to or different from those available against Ford." (*Id*.) But the burden for showing fraudulent joinder is not whether Plaintiff alleges causes of action with distinct remedies. Rather, Defendants must show there is *no* "possibility that the state law might impose liability on the resident defendant." *See Hunter*, 582 F.3d at 1044. As noted, Defendants have not met this burden. Defendants further argue that because Ford has

agreed to indemnify Ford of Orange for Plaintiff's claim, the Court should drop Ford of Orange from the case pursuant to Federal Rule of Civil Procedure 21. (Opp. at 11.) However, Defendants fail to cite any authority for the broad assertion that joinder of an indemnitee is improper or renders an otherwise valid claim invalid simply because the indemnitor is also a party to the action. *See Sandhu v. Volvo Cars of N. Am., LLC*, 2017 WL 403495, at *4 (N.D. Cal. Jan. 31, 2017) (holding that a claim for breach of the implied warranty of merchantability is valid against the dealership even though the co-defendant is the indemnitor). The Court declines to exercise its discretion under Rule 21 here.

In the alternative, Defendants request leave to conduct jurisdictional discovery to show that diversity jurisdiction exists. (Mot. at 15–16.) Limited discovery of factual matters may be allowed if it can help resolve issues of fact presented on a motion to dismiss on jurisdictional grounds. *See Hayashi v. Red Wing Peat Corp.*, 396 F.2d 13, 14 (9th Cir. 1968). However, a district court need not allow discovery "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Defendants have failed to specify how their "targeted interrogatories and/or requests for admission," (Mot. at 16), will render Ford of Orange immune from any liability, as necessary to overcome the diversity requirement here. Without fraudulent joinder or complete diversity, diversity jurisdiction does not exist. The Court declines to grant jurisdictional discovery on these grounds.

In light of the presumption against removal jurisdiction, *see Gaus*, 980 F.2d at 566, Defendants have failed to show that joinder of Ford of Orange was fraudulent. Because the fraudulent joinder exception to the diversity requirement does not apply, the parties in

this action are not completely diverse and this Court lacks subject matter jurisdiction.[2] The action was improperly removed, and must be remanded to the Orange County Superior Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**.

DATED: August 30, 2018

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

---

[2] Since Plaintiff and Defendant Ford of Orange are not diverse parties, the Court need not address whether the Defendants have shown the amount in controversy requirement for diversity jurisdiction is met.